

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SHAWN HALLINAN and WAYNE HAREJ, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 06 C 2586 |
| ) | Judge Joan H. Lefkow |
| FRATERNAL ORDER OF POLICE ) | |
| CHICAGO LODGE 7 and FRATERNAL ) | |
| ORDER OF POLICE OF ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Shawn Hallinan and Wayne Harej filed a four-count complaint against defendants Fraternal Order of Police Chicago Lodge 7 ("FOP Lodge 7") and Fraternal Order of Police of Illinois ("FOP Illinois"), alleging violations of their rights under the First and Fourteenth Amendments pursuant to 29 U.S.C. § 1983 and state law claims for denial of associational rights law and unfair representation. Before the court is defendants' motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P. For the reasons stated below, the court grants defendants' motion.

## MOTION TO DISMISS STANDARDS

Rule 12(b)(1), Fed. R. Civ. P., provides that a case will be dismissed if the court lacks the statutory authority to hear and decide the dispute. The standard of review for a Rule 12(b)(1) motion to dismiss depends on the purpose of the motion. *See United Phosphorous, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (*en banc*). If subject matter jurisdiction is not evident from the face of the complaint, the court analyzes the motion to dismiss under Rule 12(b)(1) as any other motion to dismiss and assumes for purposes of the motion that the allegations in the complaint are

true. Where, as here, however, the complaint is formally sufficient but the contention is that there is in fact no subject matter jurisdiction, the movant may use affidavits and other materials to support the motion. The burden of proof on the Rule 12(b)(1) issue is on the party asserting jurisdiction. *Id.*

A motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); *Kennedy v. Nat'l Juvenile Det. Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999). In ruling on the motion, the court accepts as true all well pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in favor of the plaintiff. *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999); *Zemke v. City of Chicago*, 100 F.3d 511, 513 (7th Cir. 1996).

## BACKGROUND[1]

Hallinan and Harej are police officers employed by the City of Chicago (the "City"). Shortly after becoming police officers, plaintiffs joined FOP Lodge 7, which is a labor organization with the exclusive right to represent and bargain on behalf of police officers employed by the City, including

---

[1] In resolving this motion to dismiss, the court will consider the complaint and its attached exhibits, the parties' briefs, plaintiffs' affidavits, and the collective bargaining agreement between FOP Lodge 7 and the City of Chicago to determine whether the court has subject matter jurisdiction. *See Sapperstein v. Hager*, 188 F.3d 852 at 855 (7th Cir. 1999) ("Where evidence pertinent to subject matter jurisdiction has been submitted, however, 'the district court may properly look beyond the jurisdictional allegations of the complaint . . . to determine whether in fact subject matter jurisdiction exists.'"), *quoting United Transportation Union v. Gateway Western Railway Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996). The court will not consider plaintiffs' motion for a preliminary injunction and supporting memorandum of law, which plaintiffs purport to incorporate by reference in their response to defendants' motion to dismiss. Plaintiffs did not seek leave of the court to file a brief in excess of fifteen pages, *see* Local Rule 7.1, and, on its own, plaintiffs' response to defendants' motion to dismiss is fifteen pages.

2

plaintiffs. FOP Illinois oversees FOP Lodge 7.

Pursuant to its collective bargaining agreement (the "CBA") with the City, every person represented by FOP Lodge 7 must pay for its financial support. Section 3.1 of the CBA states:

**Section 3.1 – Maintenance of Membership and Agency Shop.**

A. Each officer who on the effective date of this Agreement is a member of the Lodge, and each officer who becomes a member after that date, shall, as a condition of employment, maintain their membership in good standing in the Lodge during the term of this Agreement.

B. Any present officer who is not a member of the Lodge shall, as a condition of employment, be required to pay fair share (not to exceed the amount of Lodge dues) of the cost of the collective bargaining process and contract administration. All officers hired on or after the effective date of this Agreement and who have not made application for membership shall, on or after the thirtieth day following the completion of their probationary period, also be required to pay a fair share of the cost of the collective bargaining process and contract administration.

Plaintiffs' Exhibit C at 2.

On April 19, 2005, disciplinary charges were filed against plaintiffs pursuant to FOP Lodge 7's constitution and bylaws. Plaintiffs had run unsuccessfully for office in FOP Lodge 7's officer elections, and the disciplinary charges stemmed from plaintiffs' criticism of FOP Lodge 7's president, Mark Donahue, during the election. Plaintiffs had uncovered wrongdoing relating to Donahue's under-reporting of his salary on a report filed with the Illinois Attorney General and discussed this wrongdoing publicly during their campaigns. FOP Lodge 7 suspended Hallinan and Harej from its membership and barred them from union meetings prior to a hearing on the charges.

In July of 2005, plaintiffs attended a hearing on the charges against them. The hearing panel issued their recommendation to FOP Lodge 7 on September 6, 2005. The panel recommended that both plaintiffs be expelled from FOP Lodge 7. Accepting the panel's recommendation, the Board

3

of FOP Lodge 7 voted to expel plaintiffs. Plaintiffs were expelled effective September 6, 2005.

Plaintiffs appealed the decision of the FOP Lodge 7 Board to FOP Illinois. On December 2, 2005, FOP of Illinois held a hearing on the appeal and considered only whether plaintiffs had received due process. The panel recommended that the Board of Directors of FOP Illinois deny the appeal and uphold plaintiffs' expulsion. The Board of FOP Illinois accepted the panel's recommendation.

Plaintiffs continued to pay their full dues until Hallinan filed a charge with the Illinois Local Labor Relations Board on September 16, 2005. Hallinan's charge disclosed that plaintiffs were continuing to pay their full membership dues. FOP Lodge 7 subsequently requested, without the consent of plaintiffs and over their objections, that the City make plaintiffs fair share payers. The City complied by rendering plaintiffs fair share payers and deducting the corresponding fair share payment from their paychecks. At the request of FOP Lodge 7, the City has refused the "check off authorization" signed by plaintiffs, which would authorize the City to deduct full union dues from their paychecks. Hallinan has offered and has tendered payment of the amount of full union dues to FOP Lodge 7, which FOP Lodge 7 has refused to accept. FOP Lodge 7 requires and receives plaintiffs' fair share payments and continues to represent plaintiffs exclusively in all matters concerning their wages, hours, and working conditions as employees of the City.

## DISCUSSION

To withstand defendants' motion to dismiss, plaintiffs' complaint must allege facts establishing that FOP Lodge 7 and FOP Illinois were acting under color of state law when FOP

Lodge 7 expelled plaintiffs and when FOP Illinois upheld the expulsion. *See* 42 U.S.C. § 1983.[2] As a private entity, a union is generally not a state actor and therefore does not act under color of state law. *Messman v. Helmke*, 133 F.3d 1042, 1044 (7th Cir. 1997). Nevertheless, a union or other private entity may be held liable under § 1983 by conspiring with the state to deny a plaintiff his or her rights, *see, e.g., Tarpley v. Keistler*, 188 F.3d 788, 791 (7th Cir. 1999), or by acting as "a willful participant in joint action with the State or its agents." *Leahy v. Bd. of Trustees of Community College District No. 508, County of Cook*, 912 F.2d 917, 921 (7th Cir. 1990). To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and "the party charged with the [conduct] must be a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982). Plaintiffs have failed to meet these criteria.

According to the complaint and the charges filed against plaintiffs, defendants expelled plaintiffs from their union membership pursuant to the FOP Lodge 7's constitution and bylaws, and not pursuant to FOP Lodge 7's CBA with the City or any "right or privilege created by the State." *Id.* Plaintiffs argue that the City is profoundly engaged in the expulsion process by virtue of Section 3.1 of the CBA; however, the City had no involvement in the decision to expel plaintiffs or the process by which they were expelled from their membership in FOP Lodge 7. And Section 3.1, by its express terms, does not require police officers employed by the City to be members of FOP Lodge

---

[2]Section 1983 states, in part:

> Every person who, under cover of any statute, ordinance, regulation, custom or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding fo redress ....

5

7. It merely requires that police officers who are not members of FOP Lodge 7 pay fair share dues, which plaintiffs are paying. Thus, the actions undertaken by defendants pursuant to FOP Lodge 7's constitution and bylaws to expel plaintiffs from their union membership do not constitute state action. *See United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen, and Helpers of America, AFL-CIO*, 941 F.2d 1292, 1296 (2d Cir. 1991) (actions taken pursuant to a union's constitution are not state actions).[3]

Plaintiffs also assert that state action exists by virtue of FOP Lodge 7's CBA with a public employer and the City's collecting of dues pursuant to the CBA, arguing that defendants have acted under color of state law by denying plaintiffs the right to associate with the very union that plaintiffs must pay to support.[4] To accept plaintiffs' assertion would be to find state action in any union action against an employee by virtue of the existence of a collective bargaining agreement with a public entity. As defendants argue, plaintiffs' assertion would eviscerate the distinction between public and private actors that was intended for Section 1983 claims. Moreover, such a result is contrary to the legal authority in this circuit. *See, e.g., Leahy*, 912 F.2d at 921 (7th Cir. 1990) (affirming dismissal of § 1983 claim against union where plaintiff claimed that the city had delegated its authority over

---

[3] In this regard, plaintiffs' reliance on "fair share" cases, *e.g., Abood v. Detroit Bd of Education*, 431 U.S. 209, 97 S. Ct. 1782, 52 L. Ed. 2d 261 (1977), *Hudson v. Chicago Teachers Local No. 1 AFT*, 743 F.2d 1187 (7th Cir.), *aff'd* 475 U.S. 292, 106 S. Ct. 1066, 89 L. Ed. 2d 232 (1986), to establish that defendants were acting under color of state law are inapposite. In these cases, state action existed because the conduct about which the plaintiffs had complained, the involuntary deduction of full union dues from non-union members' paychecks by state actors, resulted from specific contractual provisions between the public employer and union. Here, however, plaintiffs' injury is their expulsion from FOP Lodge 7 pursuant to FOP Lodge 7's internal constitution and bylaws.

[4] Plaintiffs further argue that there is a First Amendment right to be a union member in public employment, citing *Hitt v. Connell*, 301 F.3d 240, 245 (5th Cir. 2002). In *Hitt*, however, the 5th Circuit was considering whether a jury verdict finding in favor of a public employee's First Amendment retaliation claim was supported by the evidence, in particular, whether a motivating factor in the employee's termination in his termination. In reaching this issue, the court acknowledged that the First Amendment protects a public employee's right to associate with a union in that he or she cannot suffer adverse employment action for that association. *Id.* at 245-246. This case does not establish that unions cannot deny membership or otherwise expel members.

the terms and conditions of plaintiff's employment to the union pursuant to a collective bargaining agreement but where there were no allegations establishing that the union acted as a state instrumentality, performed traditionally exclusive sovereign functions, or been compelled or encouraged by the state to make the decisions challenged in the complaint). *See also Driscoll v. Int'l Union of Operating Engineers, Local 139*, 484 F.2d 682 at 690 (7th Cir. 1973) ("[G]overnmental regulation or participation in some affairs of unions does not consequently make every union activity so imbued with governmental action that it can be subjected to constitutional restraints.") (citations omitted).

In the alternative, plaintiffs argue that state action is present because the City, which is not a party to this lawsuit, reduced plaintiffs to an involuntary fair share status. The relevant inquiry is "whether there is a sufficiently close nexus between the State and the challenged action of the [private] entity so that the latter may be fairly treated as that of the State itself." *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345 at 351, 95 S. Ct. 449, 453, 42 L. Ed. 2d 477 (1974). Such a close nexus is absent in the present matter because the City did not participate in the decision to expel plaintiffs from FOP Lodge 7; rather, FOP Lodge 7 acted pursuant to its internal constitution and bylaws. The City merely deducted fair share dues, rather than full dues, from plaintiffs' paychecks.[5] As defendants note, even if the City were to resume deducting full dues from plaintiffs, plaintiffs would not become members of FOP Lodge 7 because the City has no control over whom defendants accept as members. Thus, the City did not cause plaintiffs' injury or otherwise encourage FOP Lodge 7's decision to expel plaintiffs, and defendants' expulsion of plaintiffs from FOP Lodge

---

[5]Plaintiffs argue that the City has stopped Hallinan and Harej from associating with or supporting FOP causes by virtue of the City's deduction of the fair share amount rather than full dues from plaintiffs' paychecks. Again, however, it is plaintiffs' expulsion from the union rather than the City's deduction of dues from plaintiffs' paychecks that precludes plaintiffs from utilizing FOP Lodge 7 as a conduit for supporting FOP Lodge 7's causes.

7

7 fails to constitute state action. *See Driscoll*, 484 F.2d at 690 ("To be regulable under constitutional standards through [28 U.S.C.] § 1331 or § 1983, the very activity of a private entity which plaintiff challenges must be supported by state action . . . that significantly fosters or encourages that activity.") (internal citation omitted). *See also Int'l Bhd. of Teamsters*, 941 F.2d at 1296, *quoting Powe v. Miles*, 407 F.2d 73, 81 (2d Cir. 1968) ("[T]he state must be involved not simply with some activity of the institution alleged to have inflicted injury upon a plaintiff but with the activity that *caused* the injury.") (emphasis in original). Because plaintiffs have failed to plead the state action necessary for maintaining an action pursuant to § 1983, the court lacks subject matter jursidiction over this suit and must grant defendants' motion to dismiss.[6]

## ORDER

For the reasons stated above, the court grants defendants' motion to dismiss [#27] without prejudice to plaintiffs' filing an amended complaint within twenty days of this order, if they are able to do so. If plaintiffs fail to file an amended complaint within twenty days, the dismissal will be with prejudice.

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

DATED: August 24, 2006

---

[6] Having determined that plaintiffs have failed to plead the requisite state action necessary to maintain their § 1983 claims, the court declines to exercise its pendent jurisdiction over plaintiffs' state law claims and reaches no decision and offers no opinion as to defendants' remaining arguments.

8